IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**DENEICE HODGES,**

      **Plaintiff,**

**vs.**                                         **No.: 2:19-cv-2317-TLP-cgc**

**FEDEX EXPRESS WORLD HUB,**

      **Defendants.**

---

REPORT AND RECOMMENDATION

---

On May 16, 2019, plaintiff Deneice Hodges filed a *pro se* complaint and a motion to proceed *in forma pauperis.* (D.E. # 1 & 2.) This case has been referred to the United States magistrate judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate pursuant to Administrative Order 2013-05[1]. The motion to proceed *in forma pauperis* was granted on June 6, 2019.

The complaint was filed using the form for alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§2000e to 2000e-17. Plaintiff alleges that the discriminatory conduct at issue is termination of her employment and a failure to accommodate her disability. Specifically, Plaintiff states that she "asked for

---

[1] The instant case has been referred to the United States Magistrate Judge by Administrative Order pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation.

accommodatings (sic) because of the documents from [her] doctor that states [her] permanent

restrictions".   Plaintiff seeks an unspecified amount of compensatory damages.


The Court is required to screen *in forma pauperis* complaints and to dismiss any complaint,

or any portion thereof, if the action:

(i)      is frivolous or malicious;

(ii)     fails to state a claim on which relief may be granted; or

(iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

In assessing whether the complaint in this case states a claim on which relief may be

granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated

in Ashcroft v. Iqbal, 556 U.S. 662, 677-79 (2009), and in Bell Atlantic Corp. v. Twombly, 550

U.S. 544, 555-57 (2007). Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all

well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in

[the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v.

Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681) (alteration in original).

"[P]leadings that . . . are no more than conclusions are not entitled to the assumption of truth.

While legal conclusions can provide the framework of a complaint, they must be supported by

factual allegations." Iqbal, 556 U.S. at 679; *see also* Twombly, 550 U.S. at 555 n.3 ("Rule 8(a)(2)

still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some

factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of

providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

Plaintiff fails to provide "fair notice of what the… claim is" as required by Twombly. Plaintiff does not allege what her disability is, that she was otherwise qualified to perform the requirements of the job with or without reasonable accommodations, when the Defendant failed to provide accommodations and when she was discharged[2].  Without this information, defendant does not have fair notice of the claim and the grounds upon which it rests.

Therefore, it is RECOMMENDED that Plaintiff's claim be dismissed for failure to state a claim for which relief may be granted.

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. The United States Court of Appeals for the Sixth Circuit requires that all district courts in the circuit determine, in all cases where the appellant seeks to proceed *in forma pauperis*, whether the appeal would be frivolous. Twenty-eight U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."

The good faith standard is an objective one.  Coppedge v. United States, 369 U.S. 438, 445 (1962). The test under 28 U.S.C. § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. Id. It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service

---

[2] Plaintiff states that the alleged discriminatory acts occurred on February 19, 2019 but does not specify whether the failure to accommodate or the termination occurred on that date.

on the defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See* <u>Williams v. Kullman</u>, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to recommend dismissal of this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. It is therefore RECOMMENDED that the Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal *in forma pauperis*.

Signed this 8th day of January, 2019.

> s/ Charmiane G. Claxton
> CHARMIANE G. CLAXTON
> UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL**