# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| DENEICE HODGES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:19-cv-02317-TLP-cgc |
| v. | ) | |
| | ) | |
| FEDEX EXPRESS WORLD HUB, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Deneice Hodges sued pro se alleging that Defendant FedEx Express World Hub violated her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2000e17 ("Title VII").[1] (ECF No. 1.)

The Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the Court dismiss Plaintiff's suit under 28 U.S.C. § 1915(e)(2)(B)(ii). (ECF No. 10 at PageID 23.) The Magistrate Judge also recommended that the Court certify under 28 U.S.C. § 1915(a)(3) that any appeal by Plaintiff would not be taken in good faith, and that Plaintiff should not proceed on appeal in forma pauperis. (*Id.* at PageID 24.)

---

[1] As the Court notes below, the Magistrate Court focused its merits analysis on Plaintiff's disability discrimination allegations. The Court notes, however, that such allegations in employment cases typically fall under the Americans with Disabilities Act, 29 U.S.C. §§ 621–634 ("ADA"), not Title VII. *See Clark v. City of Dublin*, 178 F. App'x 522, 524 (6th Cir. 2006) ("Title VII does not cover age or disability discrimination claims.") This fact likely explains why the Magistrate Court exclusively analyzed Plaintiff's complaint under the ADA. But, to ensure that Plaintiff's complaint receives fair and complete consideration, the Court chooses to analyze Plaintiff's complaint under both Title VII and the ADA.

For the reasons below, the Court **ADOPTS** the R&R and **DISMISSES WITHOUT PREJUDICE** Plaintiff's complaint.  The Court also **CERTIFIES** that any appeal by Plaintiff would not be taken in good faith, and that Plaintiff may not proceed on appeal in forma pauperis.

## I. Plaintiff Fails to State a Claim

To begin with, the Court notes that Plaintiff sued under Title VII.  But her complaint does not raise any employment discrimination allegations based on her "race, color, religion, sex, or national origin."  *See* 42 U.S.C. § 2000e-2(a).  Thus, insofar as Plaintiff brings her lawsuit under Title VII, her claim necessarily fails as a matter of law.

Instead of bringing a proper Title VII claim, Plaintiff's complaint alleges she has an unspecified disability and that Defendant discriminated against her.  So the Magistrate Judge addressed Plaintiff's complaint as if she brought the claim under the ADA.  But, even when construing Plaintiff's complaint under that statute, the Magistrate Judge also found that Plaintiff's allegations fail to state a claim for which relief may be granted under Federal Rule of Civil Procedure 12(b)(6).  (*Id.* at 23.)

A plaintiff successfully establishes a prima facie case of discrimination under the ADA when the plaintiff shows that (1) she is disabled; (2) she is "otherwise qualified to perform the essential functions of the position, with or without accommodation;" and (3) she suffered an adverse employment action because of her disability.  *Vaughn v. Parkwest Med. Ctr.*, 716 F. App'x 428, 431 (6th Cir. 2017) (citing *Ferrari v. Ford Motor Co.*, 826 F.3d 885, 891 (6th Cir. 2016)).

Here, the Magistrate Judge found that Plaintiff does not allege "what her disability is," nor does she allege whether she "was otherwise qualified to perform the requirements of the job

with or without reasonable accommodations." (*Id.*) As a result, the Magistrate Judge found that Plaintiff does not "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." (*Id.*) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Magistrate Judge thus recommended that the Court dismiss Plaintiff's claim. (*Id.*)

## II. Any Appeal Would Not Be Taken in Good Faith

The Magistrate Court also found that an appeal by Plaintiff would not be taken in good faith. (*Id.* at PageID 24) (citing 28 U.S.C. § 1915(a)). The Magistrate Court found that "[i]t would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal in forma pauperis." (*Id.* at PageID 23–24) (citing *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983)).

Thus, for the same reasons that led the Magistrate Court "to recommend dismissal of this case for failure to state a claim," the Magistrate Court recommended that the Court certify under 28 U.S.C. § 1915(a)(3) that any appeal by Plaintiff would not be taken in good faith, and that Plaintiff should not proceed on appeal in forma pauperis. (*Id.* at PageID 24.)

## III. Disposition

Under Federal Rule of Civil Procedure 72(b)(2), "[w]ithin 14 days of being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Neither party objected to the R&R, and the time for filing objections has expired. *See* Fed. R. Civ. P. 5(b)(2), 6(d), 72(b)(2). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee notes.

Having reviewed the R&R, the Court finds no clear error and **ADOPTS** the R&R. Thus, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's complaint. The Court also **CERTIFIES** that any appeal by Plaintiff would not be taken in good faith, and that Plaintiff may not proceed on appeal in forma pauperis.

**SO ORDERED**, this 30th day of January, 2020.

                                        s/Thomas L. Parker
                                        THOMAS L. PARKER
                                        UNITED STATES DISTRICT JUDGE